UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL B. WILLIAMS,

    Plaintiff,

v.

EDWARD SPAGEL et al.,

    Defendants.

Case No. 25-10860
Honorable Laurie J. Michelson

**ORDER DISMISSING ALL PENNSYLVANIA DEFENDANTS
AND DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT**

    Michael B. Williams, a Detroit resident who was convicted of criminal conduct many years ago in Detroit, is currently incarcerated at the State Correctional Institution at Rockview, Pennsylvania. He filed a *pro se* complaint against more than 300 defendants. (ECF No. 1.) Most of the defendants appear to be Pennsylvania residents involved in Williams' incarceration at the Pennsylvania facility while a few dozen are Michigan residents involved in Williams' underlying criminal conviction in Michigan. Williams subsequently filed an "amendment of civil complaint." (ECF No. 13.) Being as generous as possible to this *pro se* litigant, this pleading appears to be more a supplement to than a replacement of the initial complaint. For the reasons discussed below, the Court dismisses the Pennsylvania Defendants and directs Plaintiff to file an amended complaint.

## I.

In 2020, following a jury trial in Wayne County Circuit Court, Williams was convicted of three counts of first-degree criminal sexual conduct. *See Williams v. Nessel*, No. 22-12605, 2023 WL 162197, at *1 (E.D. Mich. Jan. 11, 2023). He was sentenced to three concurrent terms of twenty-five to fifty years. *Id.* Williams is serving that sentence concurrently with a sentence of ninety months to twenty-five years imposed by the Court of Common Pleas of Erie County, Pennsylvania. *Id.*

In a lengthy and very difficult-to-follow complaint and a shorter, but equally unclear amendment to that complaint, Williams appears to raise claims regarding both his Pennsylvania and Michigan criminal proceedings and the conditions of his confinement.[1] He claims to have been the victim of judicial and prosecutorial misconduct, false imprisonment, malicious arrest, malicious prosecution, and a far-reaching conspiracy to violate his constitutional rights. He also complains that his legal documents have been destroyed, he has been denied access to the law library and that he has been retaliated against for filing grievances. Williams states that he suffers from a chronic illness for which he has been prescribed toxic medication and denied appropriate medication.

---

[1] While an amended complaint normally "supersedes an earlier" complaint "for all purposes," *Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) (quotation omitted), the Court holds a *pro se* pleading to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Here, it is unclear whether Williams intended the amended complaint to supersede the original complaint. The Court will consider the complaint and amended complaint together as the operative complaint.

Williams names all Defendants in their personal and official capacities. He seeks monetary damages.

## II.

Williams has been granted leave to proceed without prepaying fees or costs. Under the Prison Litigation Reform Act of 1996 ("PLRA"), when a prisoner is proceeding without prepayment of the filing fee, the Court must screen and dismiss the complaint, in whole or in part, if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). While a *pro se* litigant is entitled to liberal construction of his pleadings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), that leniency is "not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The "basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.'" *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)).

## III.

Because the complaint raises multiple claims involving multiple different incidents against hundreds of defendants in different states, the question of improper joinder arises. Indeed, permitting improper joinder in a prisoner civil rights action would undermine the purpose of the PLRA, which is to reduce the large number of frivolous prisoner lawsuits. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002).

3

Federal Rule of Civil Procedure 20(a) limits the joinder of parties in a single lawsuit, and Federal Rule of Civil Procedure 18(a) limits the joinder of claims. Rule 20(a)(2) governs when multiple defendants may be joined in one action: "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." And Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."

Therefore, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) (internal quotation omitted). When determining if claims arise from the same transaction or occurrence, a court may consider a variety of factors, including, "'the time period during which the alleged acts occurred; whether the acts . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations.'" *Id.* (quoting *Nali v. Mich. Dep't of Corr.*, No. 07-10831, 2007 WL 4465247, at *3 (E.D. Mich. Dec. 18, 2007)).

4

Williams' complaint names over 300 defendants, less than 30 of whom reside in Michigan ("Michigan Defendants"). The vast majority of Defendants reside in Pennsylvania ("Pennsylvania Defendants"). Williams' combined complaint involves too many unrelated claims and unrelated defendants to permissibly proceed in a single action. Indeed, the Court discerns no logical reason for Williams to pursue his claims against the Pennsylvania Defendants in this jurisdiction or in a case involving his arrest and prosecution for conduct in Michigan.

Under Rule 21 of the Federal Rules of Civil Procedure, however, "[m]isjoinder of parties is not a ground for dismissing an action." *Id.* Instead, Rule 21 provides two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 572–73 (2004) ("By now, 'it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time . . . .'") (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)); *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("[D]ismissal of claims against misjoined parties is appropriate.").

The Court will exercise its discretion under Rule 21 and dismiss without prejudice the Pennsylvania Defendants. With respect to the Michigan Defendants, the complaint and amended complaint, in their current form, make the causes of action impossible to discern. While a complaint does not need detailed factual allegations to state a claim, it must provide more than "labels and conclusions." *Bell*

5

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Williams' complaint lacks factual allegations as to who did what and when, relies primarily on legal conclusions, and fails to explain the way each defendant allegedly violated his rights. The complaint, therefore, fails to satisfy Rule 8 of the Federal Rules of Civil Procedure which provides "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, it is not manageable to have a complaint broken up into separate pleadings.

Thus, the Court will provide Williams an opportunity to file a proper amended complaint. The amended complaint should contain claims related only to the Michigan Defendants and must contain sufficient factual detail to satisfy Rule 8. If Williams fails to file a properly pled amended complaint within thirty days, the Court will dismiss the case.

## IV.

For the reasons explained, the Court DISMISSES from this action the following Defendants: Edward Spagel, Taylor, Bernatowicz, Peters, Balesk, Attala, McGill, Morris, Brown, Jill Little, Grant Miller, Luschini, Brown, Sandra Selena Gray, Erien C. Connelly, Goozdich, Burrows, Roofner, Terry Anderson, Elizabeth Hirtz, Jack Daneri, Brandon Bingle, Emily Merski, Kenneth A. Zak, Earl Jones, Patricia Thompson, Oliver, Turborewenski, John Garhart, David Ungerman, Patrick M. Carey, B. Lock, Irwine, Michael R. Clark, Deplachatta, Girovz, Patricia Kenndy, William Hathaway, Andrew M. Schmidt, C. Clark, Flinchburgh, Giddy's, Ferro,

Banks, Roberts, Teadhope, Snichters, Martin, Taylor, P. Brown, Mullody, Moore, Boncella Swenson, Bly, Boyce, B. Wise, Bridges, Walters, Fry, Sundberg, Hass, Vandorhoopn, Boncella, Jackson, Reinhart, Suttler, Handcock, French, Smith, Smith, Procrenher, Putman, Timenthy, Bednardo, Quinn, A. Voailski, Place, Borello, A. Miller, Vickers, Freemon, Patterson, Woods, Peter Dregalla, Langdon, Kwitowski, Stuller, Knight, Scliss, Clinger, Och, Shade, Hurley, Macintash, Mc intosh, Conley, Palmer, Jadlocki, Hermon, Seeley, Cleveland, Wholey, Vandorhoof, Turbornawicski, Smitters, Richie, Lantz, R. Sissor, Skinner, Clawson, Beach, G. Gemonda, Berger, B. Lausky, Kemphart, O.S. Mara, Donehue, Wyder, Mohl, Mosler, Glushukow, Kenton, Beoserior, Strom, Finn, Meyers, Strouse, Whitney, Valinski, Reese, Wetzel, A. Wegerznowicz, K. Britten, Lawrence, Lyons, Teston, Mogen, Toharezyh, Simpson, Ramder, Ozlanski, Taylor, Shoemaker, J.R. Maul, D. Maul, Rendase, Tedesco, Minick, Ruthoski, Skrickram, Wynder, Cress, Carter, Handling, Hunlock, Jacobson, Lorson, Valdez, Vincey, D. Hines, D. Andruscavage, Kelly, B. Ralston, A. Kauffman, C. Mayernick, G. Schettler, J. Beach, F. Walters, J. Senese, B. Mason, L. White, Kerscner, Menapace, L. Banta, Martino, Collucci, C. Griffin, Y. Mahally, Evans, Burrows, Thomas, Clarke, Oliveria, Dubin, Fox, Bishop, M. Cohen, Gable, Berrie, Andujar, Bissel, Bristol, Carter, Kendall, Shabree, Nunez, Ferrogine, Shother, Catania, Shoneberger, Lantz, Troast, Maniella, Owens, M. Wharton, P. Fedder, Sipple, Collins, B. Marsh, B. Schnider, K. Moslak, Moore, G. Little, J. Brickell, J. Wentzel, S. Clark, Butler, Rowe, Van Gorder, N. Salamon, C. Schindler, N. Paul, Peterson, Surrows, Brown, Mc Coy, Michaels, Confer, Bieser, Clark, Lamberry,

7

Serovec, Cranmer, Bailor, Rohdes, J.M. Davis, T.L. Davis, Swope, Meirlett, Tice, Bailer, Bader, Weisor, Broan, Hines, Maker, Holtzn, Bertolet, Miller, Tom, Hodge, Hunton, Millward, Shover, Baker, Ce Lee, Ghchrist, Corl, Rocktenhall, Tubbie, Deribillis, Holden, Nickel, Shearer, Haverley, Smith, Fye, N. Seymous, J. Rook, Byerlee, Schaffer, Thompson, B. Thompson, Mcityre, Susma, B. McCaulley, Metzger, Sunday, Melissa, A. Cutler, Fisher, Davis, Sutton, Greene, Andrews, L. Nagel, Peters, P. Borst, T.Copper, S. Woodring, Brown, S. Caprio, SC, Ng, Gt, C. Coffman, Gottshall, Kelly, Aldrich, Holden, Campbell, Burrows, Strewart, D. Smith, Gregory G., K. Bell, R Wdfe, S. Marella, Sike John, Edwards, D. Force, Arnold, Cameron, Servero, Reinhart, Knigth, Mulnik, Waide, Partsch, Duley, Johnson, Lausky, Beger, G. Schuettler, Initails VAF, J. Eyer, M. Heenan, Love, Gonmonda, Rocenthall, Harret, Mailett, Sessna, T. Cooper, Burrows, Bowers, Surovec, Bailor, Brown, Hall, Hall, Thopmson, Bieder, Lentz, Sterwart, Enire, D.Frnak, R. Frnak, Synder, Nabel, T. Miller, Gegory G., Wuicoff, Diehl, M. Rowe, C. Confer, Fetteroff, C. Miller, Vangorden, Hazelwood, Wideshold, Szelewski, Rudzunski, Wiggins, Sclenwski, Z. Moslak, K. Moore, J. Wetzel, B. Salamon, Halderman, Coner, M. Schaef, J. Santos, Soliwoda, K. Seusser, Polka, Anderson, Faith, Sesi, Ransom, Snow, Eldger, Kuzela, G. Gormonda, Wilner, Britten, and the John and Jane Does from Pennsylvania.

Plaintiff is ordered to file an amended complaint by July 3, 2025. The amended complaint must comply with Federal Rule of Civil Procedure 8. Failure to file a proper complaint will result in dismissal of this case.

SO ORDERED.

8

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES DISTRICT JUDGE

Dated: June 4, 2025