UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL B. WILLIAMS,

    Plaintiff,

v.

EDWARD SPAGEL et al.,

    Defendants.

Case No. 25-10860
Honorable Laurie J. Michelson

**ORDER DISMISSING AMENDED COMPLAINT [32]**

Michael B. Williams, a Detroit resident who was convicted of criminal conduct many years ago in Detroit, is currently incarcerated at the State Correctional Institution at Rockview, Pennsylvania. On March 18, 2025, Williams filed a *pro se* complaint against more than 300 defendants: a mix of Pennsylvania residents involved in Williams' incarceration at the Pennsylvania facility and Michigan residents involved in Williams' underlying criminal conviction. (ECF No. 1.) Finding this joinder improper, the Court dismissed the Pennsylvania Defendants and instructed Williams to file an amended complaint against the Michigan Defendants only. (ECF No. 16.) After some difficulties with the Pennsylvania prison mailing system, Williams has now filed that amended complaint. (ECF No. 32.) But because his claims arise from conduct that occurred more than six years ago, his amended complaint is subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## I.

In 2020, following a jury trial in Wayne County Circuit Court, Williams was convicted of three counts of first-degree criminal sexual conduct. *See Williams v. Nessel*, No. 22-12605, 2023 WL 162197, at *1 (E.D. Mich. Jan. 11, 2023). He was sentenced to three concurrent terms of twenty-five to fifty years. *Id.* Williams is serving that sentence concurrently with a sentence of ninety months to twenty-five years imposed by the Court of Common Pleas of Erie County, Pennsylvania. *Id.*

Williams claims to have been the victim of judicial and prosecutorial misconduct, false imprisonment, malicious arrest, malicious prosecution, and a far-reaching conspiracy to violate his constitutional rights. He claims that in May 2006, April 2018, and December 2018, the Defendants filed false reports and committed perjury in a conspiracy to falsely prosecute and imprison him. (ECF No. 32, PageID.217–218.) He seeks monetary damages. (*Id.* at PageID.218.)

## II.

Williams has been granted leave to proceed without prepaying fees or costs. Under the Prison Litigation Reform Act of 1996 ("PLRA"), when a prisoner is proceeding without prepayment of the filing fee, the Court must screen and dismiss the complaint, in whole or in part, if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). "If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

### III.

In Michigan, personal injury claims have a three-year statute of limitations. Mich. Comp. Laws § 600.5805(10). Constitutional claims, by way of 42 U.S.C. § 1983, borrow this same three-year statute of limitations. *Anderson v. Mendoza*, No. 13-11241, 2013 WL 1875954, at *2 (E.D. Mich. May 3, 2013) (citing *Owens v. Okure,* 488 U.S. 235, 250 (1989)). And intentional torts, like false imprisonment and malicious arrest or prosecution, have a two-year statute of limitations. *Id.* (citing Mich. Comp. Laws §§ 600.5805(2) and (5)).

Taking Williams' allegations as true, the latest date on which most of Williams' claims could have arisen was December 10, 2018.[1] (ECF No. 32, PageID.217.) Yet he did not bring suit until March 18, 2025. (ECF No. 1.) Even if the Court considered his 2020 jury trial as relevant to his claims, this is well beyond the applicable two- and three-year statutes of limitations.

---

[1] Williams does point to some 2025 conduct, saying "after a course of investigative and administrative duties rejection of their immunity interwoven the Pennslyvania Department of Corrections of Pa. on behalf of the Michigan Department of Corrections the Plaintiff being a detainee filing false misconduct reports equilavent to false police reports returning the Court's Order's amd Wayne County Prosecutor respond's to the Plaintiff petition PCRA/Appointment of Special Prosecutor on 5-142025-07-30,2025 as reasonable injury of the Plaintiff's continue detention without probable cause / or reason of cause." (ECF No. 32, PageID.217 (including spelling in its original context).) But as best as the Court can discern, Williams is referencing the Pennsylvania prison mailing polices that resulted in the Court's orders being returned. Indeed, orders were returned on or about May 14, 2025 (ECF No. 14) and July 30, 2025 (ECF Nos. 30, 31). This has nothing to do with Willaims' underlying claims against the Michigan Defendants and is not relevant to the statute of limitations analysis.

3

For a malicious-prosecution claim, however, "[b]ecause an element that must be alleged and proved . . . is termination of the prior criminal proceeding in favor of the accused, the statute of limitations in such an action does not begin to run until the plaintiff knows or has reason to know of such favorable termination." *King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017) (internal quotation marks and citation omitted). Williams makes no allegation that the Michigan criminal case ever resulted in his favor and thus, he has failed to state a plausible claim.

## IV.

Accordingly, Williams amended complaint (ECF No. 32), and the case as a whole, is DISMISSED.

SO ORDERED.

Dated: August 15, 2025

                                                  s/Laurie J. Michelson
                                                  LAURIE J. MICHELSON
                                                  United States District Judge